Jean E. Faure (jfaure@faureholden.com)
Katie R. Ranta (kranta@faureholden.com)
Faure Holden Attorneys at Law, P.C.
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
Telephone: 406-452-6500
Facsimile: 406-452-6503
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATIONAL SURETY CORPORATION and FIREMAN'S FUND INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL SIEWERT and SIEWERT RANCH AND FARM, LLC,<br><br>Defendants. | Cause No. CV-22-20-BLG-SPW-TJC<br><br><br><br>**COMPLAINT** |

Plaintiffs National Surety Corporation and Fireman's Fund Insurance Company, by and through their counsel of record, Faure Holden Attorneys at Law, P.C., for their Complaint against the Defendants alleges as follows:

**PARTIES**

1. Plaintiff National Surety Corporation (National) is an Illinois corporation with its principal place of business in Chicago, Illinois. National is a wholly owned subsidiary of Fireman's Fund Insurance Company.

1

2. Plaintiff Fireman's Fund Insurance Company (Fireman's) is an Illinois corporation with its principal place of business in Chicago, Illinois.

3. Defendant Paul Siewert (Paul) is a citizen of the State of Montana and resides in Huntley, Montana.

4. Defendant Siewert Ranch and Farm LLC (SRF) is a Montana limited liability company formed on March 24, 2020, with no principal address. Its mailing address is listed as 204 Hogan Road, Huntley, Montana. Exhibit 1.

5. Siewert Ranch, LLP (Siewert Ranch) is a Montana Limited Liability Partnership with a mailing address of 3200 Indian Creek Rd., Huntley Montana.

## JURISDICTION

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs and all Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## VENUE

7. Venue is proper in the Billings Division as this Division includes Yellowstone County under Rule 1.2(c)(4) of the Local Rules of Procedure of the United States District for the District of Montana. The proper place of trial for this tort action is the county in which any Defendant resides, which is Yellowstone County. Mont. Code Ann. § 25-2-122(1)(a).

## FACTS APPLICABLE TO ALL COUNTS

8. On December 30, 2019, National issued insurance policy number FRM06711428, which was a renewal of policy number FRM06702886, to Siewert Ranch, Walter Siewert, and Steven Siewert with a policy period of March 2, 2020 to March 2, 2021 (Policy). Exhibit 2.

9. The address of the named insured under policy number FRM06711428 is 3200 Indian Creek Road, Huntley, Montana 59037-9326.

10. Paul is not an insured under the Policy.

11. SRF is not an insured under the Policy.

12. SRF was not formed until March 24, 2020.

13. SRF's managing member is Paul.

14. The Policy covered 3 locations at Siewert Ranch.

15. Location 1 had a shop building valued at $13,400. Exhibit 3.

16. Location 3 had a shop building valued at $193,800. Exhibit 3.

17. On February 27, 2020, Adrienne Pierce of HUB, broker for Siewert Ranch, sent a request to National Surety to have the Policy cancelled.

18. Siewert Ranch obtained new coverage for the ranch with a start date of March 2, 2020 from Liberty Mutual Insurance Company.

19. The Policy was cancelled retroactively to inception (March 2, 2020) upon the request of Siewert Ranch.

20. On March 4, 2020, a shop building at Location 1, burned down (Burned Shop).

21. Neither the Burned Shop nor its contents belonged to Paul or to SRF.

22. Paul made, or caused to be made, a claim for the fire loss to National, which was first reported to National on March 11, 2020. Exhibit 4.

23. Paul claimed that the fire destroyed a shop at Location 3.

24. Paul knew the Burned Shop was at Location 1, not Location 3.

25. 204 Hogan Road, Huntley, Montana is Location 1.

26. Location 3 is not located at 204 Hogan Road, it is located at East Arrow Creek Road.

27. Paul lives at 204 Hogan Road, Huntley, Montana.

28. Paul directed that payment be sent to 204 Hogan Road, Huntley, Montana, not the Siewert Ranch address of 3200 Indian Creek Road, Huntley, Montana .

29. Check number 33808779 from National or Fireman's was issued on March 20, 2022, made to out "Siewert Ranch" for $193,800.00 (the Check), and mailed to 204 Hogan Road, Huntley, Montana. Exhibit 5.

30. The Check was deposited on March 27, 2020 at First Security Bank into an account that did not belong to Siewert Ranch, Walter Siewert, or Steven Siewert. This account was owned or under the control of Paul or SRF. Exhibit 5.

31.  On April 10, 2020, a cancellation endorsement was issued for the Policy with an effective cancellation date of March 2, 2020.

32.  The Burned Shop has not been repaired.

33.  None of the named insureds under the Policy have received any insurance money from Paul's claim to National.

34.  A claim for the Burned Shop was also presented to Siewert Ranch's new insurer, and a claim payment was made in the amount of $18,400.00.

35.  None of the $193,800.00 has been returned to National.

## COUNT I – ACTUAL FRAUD

36.  Plaintiff incorporates by reference its allegations in paragraphs 1 through 35 as if fully set forth herein.

37.  Paul and/or SRF represented to National as fact that the shop at Location 3, valued at $193,800.00, burned down, and that they we authorized to make the claim and receive the funds under the Policy.

38.  The representations made by Paul and/or SRF were material to National's decision to pay $193,800.00 on the claim.

39.  The representations made by Paul and/or SRF to National were false.

40.  Paul and/or SRF knew the representations made to National were false.

41.  Paul and/or SRF knew that National would be injured by the false

5

representations.

42. Paul and/or SRF believed that National was substantially certain to be injured as a result of their false representations.

43. Paul and/or SRF made the representations with the intent that National would rely upon them and pay the claim.

44. National was unaware that the representations were false.

45. National relied upon the representations made by Paul and/or SRF to pay the claim.

46. National was justified in relying on the representations made by Paul and/or SRF.

47. As a result of its reliance, National was damaged.

## COUNT II – CONSTRUCTIVE FRAUD

48. Plaintiff incorporates by reference its allegations in paragraphs 1 through 47 as if fully set forth herein.

49. Paul and/or SRF owed National a duty to disclose enough information to prevent their words from misleading National.

50. Paul and/or SRF, having special knowledge of material facts with National did not, owed a duty to National to disclose those material facts to National before National paid the claim or before Paul and/or SRF cashed the check.

51. Paul and/or SRF had a duty to act so as not to mislead National.

52. Whether Paul and/or SRF acted with fraudulent intent is immaterial.

53. Paul and/or SRF breached their duties to National.

54. As a result of their breach, Paul and/or SRF gained an advantage – $193,800.00 - by misleading National to its detriment--paying the claim.

55. As a result of Paul's and/or SRF's breach, National suffered damages.

## COUNT III – DECEIT

56. Plaintiff incorporates by reference its allegations in paragraphs 1 through 55 as if fully set forth herein.

57. Paul and/or SRF made a claim on the Policy for damage to a shop at Location 3.

58. In making the claim, Paul and/or SRF acted deceitfully because they knew neither was an insured on the Policy, the shop at Location 3 did not burn down, the Burned Shop was at Location 1, and the Burned Shop's value was nowhere near $193,800.00.

59. In making the claim, Paul and/or SRF had no reasonable grounds for believing that they were insureds on the Policy, that the shop at Location 3 burned down, nor that the Burned Shop's value was anywhere near $193,800.

60. Paul and/or SRF suppressed facts they were bound to disclose.

61. Paul and/or SRF gave information or gave information of other facts

7

likely to mislead absent communication of the suppressed facts.

62. Paul and/or SRF acted with the intent to induce National to alter its position to National's risk or injury.

63. As a result, National suffered damages.

## COUNT IV – CIVIL CONSPIRACY

64. Plaintiff incorporates by reference its allegations in paragraphs 1 through 63 as if fully set forth herein.

65. Paul and SRF, in concert, participated in making the claim on the Policy and cashing the check issued by National.

66. Paul's and SRF's object was to claim insurance payments from National which they knew, or had reason know, were not owed to either of them for their own monetary gain.

67. Paul and SRF had a meeting of the minds on this object.

68. Paul and SRF had a meeting of the minds on the course of action.

69. The object was unlawful.

70. As a result of Paul's and SRF's acts and omissions, National has suffered damages.

## COUNT V - UNJUST ENRICHMENT

71. Plaintiff incorporates by reference its allegations in paragraphs 1 through 70 as if fully set forth herein.

72. A benefit, $193,800.00, was conferred upon Paul and/or SRF.

73. Paul and SRF have knowledge of the benefit because Paul deposited the $193,800.00 check into SRF's bank account.

74. The acceptance and retention of the $193,800.00 is inequitable because neither Paul nor SRF were insureds entitled to receive the funds under the Policy.

75. The acceptance and retention of the $193,800.00 is inequitable because both Paul and SRF knew the funds were paid in error or have since learned that the funds were paid in error.

76. As a result of Paul's and SRF's acceptance and retention of the $193,800.00, National or Fireman's has been damaged.

## COUNT VI - CONVERSION

77. Plaintiff incorporates by reference its allegations in paragraphs 1 through 76 as if fully set forth herein.

78. National or Fireman's owned the $193,800.00.

79. National or Fireman's had the right to possess the $193,800.00.

80. Paul and/or SRF exercised unauthorized control over the $193,800.00.

81. As a result, National or Fireman's was damaged.

82. National or Fireman's is entitled to recover the value of the property,

$193,800.00 plus interest from the date of conversion, and fair compensation for the time and money properly expended in pursuit of the property.

## RELIEF REQUESTED

National or Fireman's requests judgment in its favor and against Paul and SRF, jointly and severally, as follows:

a. for damages in the amount of $193,800.00;

b. for pre- and post-judgment interest to the fullest extent allowed by law;

c. for its conversion claim, as an element of damages, fair compensation for the time and money properly expended in pursuit of the property;

d. for its attorneys' fees and costs to the fullest extent allowed by law; and

e. for all relief this Court deems just, equitable, and proper.

DATED this 4th day of March, 2022.

/s/   Jean E. Faure
Jean E. Faure
FAURE HOLDEN ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiffs