IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATIONAL SURETY CORPORATION AND FIREMAN'S FUND INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL SIEWERT and SIEWERT RANCH AND FARM, LLC,<br><br>Defendants. | CV 22-20-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff National Surety Corporation and Fireman's Fund Insurance Company ("National Surety"), brings this lawsuit against Defendants Paul Siewert ("Siewert") and Siewert Ranch and Farm, LLC ("SRF") for fraud and related claims. (Doc. 1.)

Presently before the Court is SRF's Motion to Dismiss. (Doc. 4.) The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), is fully briefed, and ripe for review. (Docs. 4, 8.) For the following reasons, the Court recommends SRF's motion be **DENIED**.[1]

---

[1] National Surety has requested a hearing on SRF's Motion to Dismiss. The Court finds the motion suitable for disposition without oral argument. Accordingly, National Surety's Motion for Hearing (Doc. 9) is **DENIED**.

1

I.     **LEGAL STANDARD**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations

in the light most favorable to the nonmoving party.  *See e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.* 135 F.3d 658, 661 (9th Cir. 1998).

## II. DISCUSSION

SRF is a Montana limited liability company that was formed on March 24, 2020.  (Doc. 1 at ¶ 4.)  SRF moves to dismiss under Rule12(b)(6) on grounds that it was dissolved a few months before the Complaint was filed, and therefore, is not a legal entity that can be sued.  SRF asserts, without legal authority, that no claim can be maintained against a dissolved LLC.

SRF's argument runs contrary to Montana law.  Montana Code Ann. § 35-8-909 clearly and unambiguously allows a dissolved LLC to be sued.  It provides:

> [T]he dissolution or termination of a limited liability company, including dissolution by the expiration of its term, does not take away or impair any remedy available to or against the limited liability company or its members or managers for any claim or right, whether or not the claim or right existed or accrued prior to dissolution or termination.

Mont. Code Ann. § 35-8-909(1).

Montana law does provide a specific process for an LLC to dispose of known and unknown claims that, if followed, can potentially lead to a claim being barred.  *See* Mont. Code Ann. §§ 35-8-909(2)-(5); 35-8-908.  SRF, however, has not presented any argument or evidence that it has complied with either Mont. Code Ann. §35-8-909(2)-(5) or §35-8-908.

3

In short, SRF's motion is baseless and unsupported. Accordingly, the Court recommends the motion be denied.[2]

## III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that SRF's Motion to Dismiss (Doc. 4) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 13th day of January, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

---

[2] National Surety argues it should be awarded attorney fees and costs incurred in responding to SRF's baseless motion. The Court recommends that National Surety's request for sanctions be denied. Although the Court finds SRF's motion wholly unpersuasive, it does not find SRF acted in bad faith.